UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR07-146-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| SOMCHAN OT SOMPHET, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:   Conspiracy to Distribute MDMA, Distribution of MDMA, Possession with Intent to Distribute MDMA

<u>Date of Detention Hearing</u>:   May 4, 2007

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.   Defendant has been indicted on charges of conspiracy to distribute MDMA

(ecstacy), distribution of MDMA, and possession with intent to distribute MDMA. The maximum penalty for these offense is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant is a legal resident of the United States who was born in Laos. He is not employed. His criminal history includes a prior arrest for marijuana smuggling. The AUSA proffers that he has associates in Canada related to alleged drug deals. The AUSA also proffers that the defendant and his brother are being investigated for the shooting of a Seattle police offer which occurred several years ago. The strength of the evidence in this case is strong.

3. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>4th</u> day of May, 2007.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge